United States District Court
Southern District of Texas
**ENTERED**
October 12, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRETT GRABNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-03360 |
| | § | |
| FREEDOM MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Pending is Defendant Freedom Mortgage Corporation's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 3) ("Motion"), to which Plaintiff Brett Grabner failed to respond.[1] After considering the Motion, Plaintiff's complaint, and applicable law, the Court finds that the Motion should be granted.

Plaintiff filed this suit in Texas state court seeking to enjoin Defendant's September 5, 2023 foreclosure sale of Plaintiff's home. Four days before the noticed sale, the state court entered a Temporary Restraining Order enjoining Defendant from proceeding with the September 5 sale. On September 8, Defendant removed the case to this Court on diversity jurisdiction

---

[1] "Failure to respond to a motion will be taken as a representation of no opposition." LR7.4.

grounds. Shortly thereafter, Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted[.]" FED. R. CIV. P. 12(b)(6). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level," assuming "that all the allegations in the complaint are true (even if doubtful in fact)[.]" Twombly, 127 S. Ct. at 1964-65 (internal citations omitted). Plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation and internal quotation marks omitted).

In evaluating a motion to dismiss under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true" and view those

facts "in the light most favorable to the plaintiff." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019) (citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation marks and citation omitted).

Plaintiff's complaint fails to plead factual content that would allow the Court to draw the reasonable inference that Defendant is liable for the misconduct alleged. Plaintiff seeks to recover for breach of contract, contending that Defendant breached the Deed of Trust upon which Defendant predicated the noticed foreclosure sale, but Plaintiff pleads no facts suggesting that he performed or tendered performance under the Deed of Trust as required to state a claim for breach of contract. See Ybarra v. Wells Fargo Bank, N.A., 575 F. App'x 471, 474 (5th Cir. 2014) (recognizing that "an essential element of breach of contract under Texas law is that the 'plaintiff performed or tendered performance'" (citation omitted)); see also Williams v. Wells Fargo Bank, N.A., 560 F. App'x 233, 238 (5th Cir. 2014) ("if, as here, plaintiffs fail to allege they were current on their payments under the deed of trust, dismissal of their breach of contract claim is proper"). Plaintiff further fails plausibly to plead that he sustained any damages as a result of an alleged breach of

3

the Deed of Trust. *See* Estes v. JP Morgan Chase Bank, Nat'l Ass'n, 613 F. App'x 277, 280 (5th Cir. 2015) (identifying "breach of the contract by the defendant" and "damages sustained by the plaintiff as a result of the breach" as essential elements of a breach of contract claim (citation omitted)); *see also* Iqbal, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (citation omitted)). No foreclosure sale occurred, possession of the property has not been lost, and the allegations of breach are conclusory.

Finally, although Plaintiff conclusorily asserts that Defendant violated the Texas Property Code, the complaint is devoid of any facts supporting the assertion. Plaintiff neither identifies the violated provision nor pleads facts suggesting a violation. In sum, Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, it is

ORDERED that Defendant Freedom Mortgage Corporation's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 3) is GRANTED, and Plaintiff Brett Grabner shall take nothing on his claims against Defendant Freedom Mortgage Corporation.

A final judgment will issue separately.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 12TH day of October, 2023.

                                        EWING WERLEIN, JR.
                                    UNITED STATES DISTRICT JUDGE